Lieff Cabraser Heimann & Bernstein
Attorneys at Law

Lieff Cabraser Heimann & Bernstein, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
t 415.956.1000
f 415.956.1008

February 13, 2026

Kevin R. Budner
Partner
kbudner@lchb.com

**VIA ECF**

Molly Dwyer, Clerk of Court
U.S. Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119-3939

RE: *Biederman v. FCA US LLC, et al.*, No. 25-3854.

Dear Ms. Dwyer:

At oral argument, Appellee claimed for the first time that Appellants had "waived" their argument that the Court must reverse RICO dismissal of recall-related injuries Plaintiffs indisputably suffered directly from Appellee. Oral Argument, 15:17-23. Pursuant to Fed. R. App. P. 28(j), Appellants respectfully submit new authority responsive to Appellee's waiver argument, which was not briefed.

Plaintiffs alleged two RICO injuries: (1) "overpayment at the time of purchase" and (2) "increased operating costs" associated with degraded fluid economy "after obtaining the recall." ER-72 ¶ 242.a-b. The overpayment injury arguably flowed through intermediary dealers. The recall-related injury unequivocally did not.

Given this, Appellants appropriately argued that the "bright-line privity rule" of *Illinois Brick* "makes no sense" for "injuries that are in no way 'passed on' through an intermediate purchaser, like the increased fuel and fluid costs in this case." Opening Br. at 8; *id*. at 23 (The recall-related "property injuries . . . did not pass through the dealers."). As Appellee conceded, *Illinois Brick* is relevant only for "derivative or passed-on injuries." Answering Br. at 9, 22. "[T]his concession alone requires reversing the ruling below," at least as to the direct, post-sale injuries. Reply at 4, 13.

If Appellee thought this argument had been waived, it should have said so in its answering brief. It did not, likely because Plaintiffs addressed the direct injury in the motion to dismiss opposition (Dkt. 81 at 4:13-17) and hearing (ER-151:7-8, 178:6-7), as did the district court in the opinion below (ER-197:18-20). Even if it could have been argued more clearly in the district court, this "court will consider an issue conceded or neglected below if the issue is purely one of law and the pertinent record has been fully developed" or "when injustice might otherwise result." *In re Howell*, 731 F.2d 624, 627 (9th Cir. 1984). Both are true here. At this stage, the only record is the complaint, and the question is purely legal. Without

reversal, moreover, nobody can vindicate RICO to recover these quintessentially direct damages—least of all class members outside of California who, without RICO, currently have no claims at all.

Respectfully submitted,

Kevin R. Budner

3433013.1